**WESTSIDE GOLF AND COUNTRY CLUB, INC., Appellant,**

v.

**The CITY OF LAWTON, a Municipal Corporation, Appellee.**

No. 50480.

Court of Appeals of Oklahoma, Division No. 1.

April 11, 1978.

Released for Publication by Order of Court of Appeals May 4, 1978.

Newcombe & Redman, Inc., by Ralph W. Newcombe, Lawton, for appellant.

Russell D. Bennett, Lawton, for appellee.

ROMANG, Judge:

The Appellant (plaintiff below) appeals the District Court's entry of judgment under 12 O.S.1971, § 549(c) for failure of Appellant to answer interrogatories. We find no error and affirm.

The Appellant sued the Appellee for breach of an agreement to convey real property. On July 30, 1976 the Appellee sent interrogatories to the Appellant on

which answers were due within 20 days as authorized by 12 O.S.1971, § 549(a). No answers having been received, the Appellee filed a motion to enter judgment on September 20th. This motion was heard on October 7th, and the District Court ordered the Appellant to answer the interrogatories by October 15th or the action would be dismissed with prejudice. No answers being submitted, the Court dismissed the action with prejudice on October 18th. Appellant filed a motion to reconsider on October 27th which was denied on December 2nd.

The Supreme Court recently sustained the entry of a default judgment for failure to answer interrogatories in three actions consolidated on appeal. *Nu-Pro, Inc. et al. v. G. L. Bartlett & Co., Inc. et al.*, Okl.Ct.App., 48 OBAJ 2631 (1977). The only distinction between *Nu-Pro* and the instant case is that in *Nu-Pro* the parties had been ordered to answer or answer further "on more than one occasion." *Nu-Pro*, supra, 48 OBAJ at 2632.

█ But this distinction does not call for a different result. The interrogatories were six (6) in number[1] and involved little by way of complexity in answering. The Appellant had from July 30 until October 18 to answer and failed to do so. Even after being warned that failure to answer in one week would result in dismissal with prejudice the Appellant was not moved to act. In its brief it alleges that it offered answers at the time of its motion to reconsider on October 27th. The record is bare

as regards such an offer but even if made it is far from clear that the already excessive delay would not have justified the District Court's action.

█ Appellant argues that the sanction imposed should require a showing that the failure to answer was wilful or intentional. These facts would clearly be relevant in guiding a trial court in its discretion but the statute does not so require and the federal cases cited under an analogous rule all relied on a federal rule which at that time, but so no longer, limited sanctions to situations where the failure was wilful. See Advisory Committees Comments to the 1970 Revision of Fed.R.Civ.Pro. 37(d), 28 U.S.C. In any event we do not find a proffered justification for Appellant's failure to respond.

The entry of a default judgment is a harsh remedy which is not favored. But unwarranted and potentially contumacious delay is also not favored. The District Court was patient, gave notice, and carefully exercised its discretion. We cannot say this exercise of discretion was injudicious or abused.[2]

The judgment is affirmed.

AFFIRMED.

BOX, P. J., and REYNOLDS, J., concur.

---

1. The following are all the interrogatories:

1. Was the purported agreement concerning the conveyance of the property subject to this lawsuit in writing or oral?

2. What are the names of the parties alleged to be the agents and employees of the defendant, City of Lawton who entered into the above mentioned agreement.

3. Who were the persons representing the Plaintiff, Westside Golf and Country Club, in negotiating and consummating the purported agreement in this case.

4. What were the terms of the purported agreement entered into between the City of Lawton and the Westside Golf and Country Club, in particular what materials and services were to be provided by the City of Lawton to the Westside Golf and Country Club.

5. Were any services performed or materials provided pursuant to the alleged agreement. If so, what materials or services and upon what dates were they provided.

6. Was an appraisal of the property deeded to the City on March 21, 1969, made by any person and if so by what person and in what amount was the appraisal.

2. The District Courts are encouraged to carefully consider the wide range of sanctions provided in 12 O.S.1971, § 549. The Legislature clearly intends that flexibility be used to achieve compliance with discovery requests. Since the choice of sanction is intimately related to the facts of each case wide discretion, implying wide responsibility, rests with the District Court.